855
$500

24TH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON
STATE OF LOUISIANA

NO. 785-252                                    DIVISION L

JOHN PEIFER, SOPHIA GUIDRY AND JAMES GUIDRY, JR.

VERSUS

RELIANCE STANDARD LIFE INS. CO AND NORTHEAST GENERAL HEALTH SYSTEM, INC.

FILED:_____          _____
                                              DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes **JOHN PEIFER**, a person of full age and majority who is a resident of Jefferson Parish, **SOPHIA GUIDRY**, a person of full age and majority who is a resident of Hall County, Georgia and **JAMES GUIDRY, JR.** a person of full age and majority who is a resident of Denver County, Colorado who respectfully represent:

1.

Made defendants herein are:

a. **RELIANCE STANDARD LIFE INSURANCE COMPANY**, a foreign company with its principle place of business at 115 South Lasalle St., Chicago, Illinois that has been authorized by the Louisiana Insurance Commissioner to do insurance and doing business in Louisiana, which has designated the Louisiana Secretary of State as its registered agent, and

b. **NORTHEAST GEORGIA HEALTH SYSTEM, INC.**, a Georgia Domestic Nonprofit Corporation with its principal place of business located at 743 Spring St. NE, Gainesville, Georgia.

2.

Venue is proper in Jefferson Parish under Louisiana Code of Civil Procedure art. 76, which states that an action on a life insurance policy may be brought in a parish where the deceased died, the parish where he was domiciled, or the parish where any beneficiary is domiciled, because John Peifer is beneficiary to the life insurance policy which is the basis for this Petition.

3.

The plaintiffs are entitled to benefits under the policy of insurance issued by Reliance Standard Life Insurance Company, Group Policy Number GL 144919, policy delivered in Georgia,

24th E-Filed: 06/28/2018 18:54:20 Case: 785252 Div:L Atty:025257 SCOTT J SPIVEY

EXHIBIT A

Policy Effective Date December 1, 2008 as amended through May 1, 2016 for policyholder Northeast Georgia Health System, Inc. as the Insured's surviving children of Susan Angela Roumillat, Class 1 (employee) of Northeast Georgia Health System, Inc. at the time of her death on July 1, 2016.

4.

On May 22, 2018, John Peifer received a letter from Sophia Guidry that she received from Reliance Standard Life Insurance Company by Gerald J. Morse, Senior Life Benefits Examiner dated May 8, 2018 that was a "denial letter" in response to Sophia Guidry's claim as non-spouse beneficiary, stating in pertinent part: "We have completed our review of this claim and determined that the claim for Susan Roumillat must be denied."

5.

On July 1, 2016 at 9:19 p.m., when Susan Angela White (Guidry) Roumillat was shot and killed by her somewhat estranged husband at 47212 Ewing Lane, Tickfaw, Louisiana, just prior to him committing suicide, Sophia Guidry, her 18 year old daughter at the time, was in her room with her dog when she heard the gunshots and saw her mother on the floor, along with her stepfather, murderer. (A copy of the death certificate is attached hereto as Exhibit A)

6.

Immediately thereafter, Sophia Guidry, James Guidry, Jr., and John Peifer contacted the benefits department of Northeast General Health System, Inc., through their counsel requesting all benefits to which they were entitled as the children of their recently deceased employee, Susan Angela White (Guidry) Roumillat.

7.

Initially, the Northeast General Health System, Inc. agent and employee, Deborah Godwin advised the plaintiffs through their attorney that Susan Angela White (Guidry) Roumillat was no longer an employee.

8.

During the initial conversation, when asked the date of termination, Deborah Godwin confirmed that Susan Angela White (Guidry) Roumillat was not scheduled to term as an employee for another week.

9.

Deborah Godwin took down the information and advised the plaintiffs that she would forward all benefit information to them.

10.

Deborah Godwin surreptitiously and negligently contacted Sophia Guidry while she was not mentally competent and advised her that she was the only beneficiary of her mother's life insurance policy, that she should not share the proceeds with her siblings, that she should not tell her attorney, and that she had no time limit to make a formal claim for benefits to the life insurance company.

11.

Under information and belief, Deborah Godwin contacted Reliance Standard Life Insurance Company and advised them that their employee, Susan Angela White (Guidry) Roumillat, had died, advised them that her beneficiary was entitled to benefits and told them that she was earning $75,400.00. (A copy of the notice is attached hereto as Exhibit B)

12.

Once Sophia Guidry became well enough to handle her affairs, she located and found the application materials for benefits and made several attempts to secure the necessary certified death certificate without success.

13.

On or about May 1, 2018, Sophia Guidry secured the necessary death certificate and mailed the beneficiary application to defendant, Reliance Standard Life Insurance Company.

24th E-Filed: 06/28/2018 18:54:20 Case: 785252 Div:L Atty:025257 SCOTT J SPIVEY

14.

On May 8, 2018, Gerald Morse Senior Life Benefits Examiner for Reliance Standard Life Insurance Company sent a letter to Plaintiff Sophia Guidry, denying the claim for life insurance benefits under GL 144919 for insured, Susan Angela Roumillat, stating that the claim was made untimely.

15.

On May 29, 2018, Plaintiff, Sophia Guidry, formally appealed the denial through a "written request for review" and plaintiffs James Guidry, Jr. and John Peifer made an initial claim for benefits. (A copy of the letter is attached hereto as Exhibit C)

16.

On May 31, 2018, a letter was prepared by Jamil Jackson, Senior Benefit Analyst for Reliance Standard Life Insurance Company to counsel for the plaintiffs that included a "Authorization for Use in Obtaining Information" to be signed by the decedenat, which stated, *inter alia*:

We received your letter requesting review of the adverse benefit determination . . .

To the extent that additional information is needed, Reliance Standard Life will toll the relevant time frames for making a determination . . .

(A copy if the letter is attached hereto as Exhibit D)

17.

On or about June 5, 2018, Plaintiffs received the letter referenced in paragraph 16 (Exhibit D) and their attorney called the number provided in the letter for Jamil Jackson, who did not answer and who never responded to the voice mail message that was left.

18.

Louisiana Revised Statutes Title 22, Section 1973 states that an insurer owes his insured a duty of good faith and fair dealing with an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or claimant, under penalty of

24th E-Filed: 06/28/2018 18:54:20 Case: 785252 Div:L Atty:025257 SCOTT J SPIVEY

liability for general damages, special damages, and penalties not to exceed two times the damages sustained or Five Thousand Dollars, whichever is greater.

19.

The defendant, Reliance Standard Life Insurance Company, is guilty of the following acts of negligence:

a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

b. Misleading the plaintiffs as to the prescriptive period;

c. Failing to pay the amount of claim due insured by the contract within 60 days after receipt of satisfactory proof of loss from the plaintiffs in a manner that was arbitrary, capricious and without probable cause;

d. Breach of Contract; and

e. Unjust enrichment.

20.

In this regard, defendant Reliance Standard Insurance Company is liable for the acts and statements of its agents, including Gerald Morse, Jamil Jackson and de facto Deborah Godwin.

21.

The defendant, Northeast Georgia Health System, Inc., is guilty of the following acts of negligence:

a. Negligent Interference with Contract;

b. Negligent Breach of Duty; and

c. Unjust enrichment.

21.

As a result of the negligence described above of the defendant, Sophia Guidry, James Guidry, Jr., and John Peifer, suffered damages, including but not necessarily limited to the following:

a. Loss of Benefits to which they were entitled under the Life Insurance Contract;

b. Mental injuries, including post traumatic stress;

c. Loss of enjoyment of property;

d. Legal and Judicial Expenses for making a claim and retaining legal counsel; and

e. Other general damages.

22.

All defendants are solidarily liable for the damages suffered by the plaintiffs.

WHEREFORE, petitioner prays that the defendants be served with this petition and that after all legal delays and due proceedings are had there be judgment, casting the defendants with compensatory damages as might be determined by this Honorable Court, together with legal interest thereon from the date of judicial demand until paid, all costs and disbursements herein, including, but not limited to any expert witness fees, penalties, and attorney fees as provided by law, all court costs, and for all other general and equitable relief as determined by the Court.

Respectfully submitted:

SCOTT J SPIVEY (#25257)
340 Poydras St., Suite 2000
New Orleans, LA 70112
(504) 930-4857 phone and fax
Scott@SpiveyESQ.com
*Attorney for Plaintiffs*

PLEASE SERVE DEFENDANTS:

RELIANCE STANDARD LIFE INSURANCE COMAPNY
through its designated agent for service of process
LOUISIANA SECRETARY OF STATE
8585 Archives Ave.
BATON ROUGE, LA 70809
and
*(through long-arm service)*

NORTHEAST GEORGIA HEALTH SYSTEM, INC.
through its registered agent
Burrell, Carol
743 Spring Street, NE
Gainesville, GA 30501

24th E-Filed: 06/28/2018 18:54:20 Case: 785252 Div:L Atty:025257 SCOTT J SPIVEY

Scott Spivey
504-930-4857



### Jon A. Gegenheimer
### Jefferson Parish Clerk of Court
24th Judicial District Court Civil Records Department
P.O. Box 10 • Gretna LA 70054-0010 • (504) 364-3740

## Civil Records Telephone Call Log

**Call 1**

Case No: 785-252  Div. "L"  6-29, 20 18
Deputy Clerk: s/ S. MAUTERER          Time: 9:04 am
Deputy Clerk Spoke To: Scott Spivey _____ of _____

Notes: $50 SOS
$39.36 EBR
Will send checks

**Call 2**

Case No: _____ Div. "___"  _____, 20___
Deputy Clerk: s/ S. MAUTERER          Time: _____
Deputy Clerk Spoke To: _____ of _____

Notes:

**Call 3**

Case No: _____ Div. "___"  _____, 20___
Deputy Clerk: s/ S. MAUTERER          Time: _____
Deputy Clerk Spoke To: _____ of _____

Notes: