UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN PEIFER et al | * | CASE NO.  2:18-CV-06755 |
| | * | |
| VERSUS | * | JUDGE: SARAH S. VANCE |
| | * | |
| RELIANCE STANDARD LIFE INS. CO. ET AL | * | MAG. JUDGE: |
| | * | KAREN WELLS ROBY |
| | * | |

*************************************************************************

# FIRST AMENDED COMPLAINT

## INTRODUCTION

1. This case arises out of a life insurance policy issued by Reliance Standard Life Insurance Company ("Reliance") to mother of the plaintiffs, Susan White Guidry Roumillat and Reliance's failure to pay benefits to the plaintiffs when Reliance was notified of Mrs. Roumillat's death and the claim for benefits was filed by the plaintiffs.

## JURISDICTION, VENUE, PARTIES, FACTUAL ALLEGATIONS
## (INCORPORATION OF PETITION FOR DAMAGES BY REFERENCE)

2. All of the Assertions of Jurisdiction and Venue and Parties; all of the Allegations of Fact, Law, and Causes of action; and all of the Prayers for Relief set forth in the Petition for Damages filed by Plaintiffs in the 24th Judicial District Court on June 28th, 2018, given Docket No. 785-252 "L", removed by Reliance on July 26, 2018 (See Document 6-1)  are hereby re-urged and re-alleged as if copied herein *in extenso* and *in toto*.

3. The factual background stated in Document 6-1 remains the same with the following addition:  On July 30, 2018, undersigned counsel received a letter from Jamil Jackson, Senior Benefits Analyst, Appeals, Reliance Standard Life Insurance Company dated July 23, 2018 on claim number 2018-05-07-0658-GL-01 stating in pertinent part "We have conducted an independent review of the claim file and have determined that our original decision to deny

benefits was appropriate. Per Ms. Roumillat's unfortunate July 1, 2016, date of death, Proof of Loss was not submitted to RSL under the terms referenced within the Group Life Policy. A copy of the letter is attached hereto as Exhibit "Amended Complaint 1". The letter ends stating that "In the event that her claim is subject to the Employee Retirement Income Security Act of 1974 ("the Act"), Ms. Roumillat survivors have the right to bring civil action under Section 502(a) of the Act following an adverse benefit determination on review."

## NEW CAUSES OF ACTION

## 29 U.S. Code Chapter 18 –

## EMPLOYEE RETIREMENT INCOME SECURITY PROGRAM §§ 1001 *et seq.*

4. For the reasons set forth, Plaintiffs allege that Reliance is liable under ERISA § 502(a)(1)(B), 29 U.S. Code § 1132 (a)(1)(B), for failure to pay benefits under an ERISA plan, § 502(a)(3), 29 U.S. Code § 1132 (a)(3), for breach of fiduciary duties, including failing to notify the beneficiaries of their benefits or preventing beneficiaries from same, and § 503, 29 U.S. Code § 1133, for failing to follow the procedural rules for governing the administration of benefits, including but not limited to requiring procedures that inhibited and hampered the initiation and processing of plan claims by the plaintiffs.

5. Since the time of Mrs. Roumillat's death, the plaintiffs have ardently sought to secure benefits under the life insurance plan that they knew or had reason to believe existed.

6. Reliance and Northeast Georgia Health System have worked either in concert or independently to deprive plaintiffs of the benefits to which they were entitled by contract and under federal law, should the policy be deemed part of a plan governed by ERISA.

**OTHER**

7. Defendants' acts and omissions described herein caused Plaintiffs to suffer damages, including mental and emotional pain and suffering, in an amount to be determined at trial.

8. Defendants' acts or omissions were deliberate, willful, intentional, wanton, malicious, and oppressive, and should be punished by an award of punitive damages in an amount to be determined at trial.

**REQUEST FOR RELIEF**

Plaintiffs respectfully request that this Court grant the following relief:

A. for Benefits under the Plan and/or Life Insurance Policy;

B. for compensatory damages in an amount to be proven at trial;

C. for punitive and exemplary damages in an amount to be proven at trial;

D. for reasonable attorneys' fees (pursuant to ERISA §502(g)(1) as applicable) and costs of suit; and

E. for such other relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiffs demand a jury trial on all issues so triable.

Dated: August 6, 2018

                                          Respectfully submitted:

                                          //s// *Scott J. Spivey*
                                          Scott J. Spivey (LSB # 25257)
                                          1340 Poydras St., Suite 2000
                                          New Orleans, LA  70112
                                          (504) 930-4857 phone and fax
                                          scott@spiveyesq.com
                                               Attorney for the plaintiffs

## Certificate of Service

I hereby certify that a copy of the foregoing was served on all counsel of record by the Court's CM/ECF System, and by email, on this 6th day of August 2018.

                                                //s//  *Scott J. Spivey*
                                                Scott J. Spivey