UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN PEIFER, ET AL                                    CIVIL ACTION

VERSUS                                                       NO. 18-6755

RELIANCE STANDARD                           SECTION "R" (4)
INSURANCE COMPANY, ET AL.

## ORDER AND REASONS

Before the Court are (1) defendant Reliance Standard Life Insurance Company's motion to dismiss plaintiffs' first amended complaint; (2) defendant Northeast Georgia Health System's (NGHS's) motion to dismiss plaintiffs' first amended complaint; and (3) plaintiffs' motion for leave to file a second amended complaint. The Court finds that (1) plaintiffs' state law claims are preempted by ERISA; (2) plaintiff Sophia Guidry states a claim under ERISA § 502(a)(1)(B) against Reliance, but not NGHS; (3) all of plaintiffs' other ERISA claims must be dismissed, and (4) granting plaintiffs leave to file their second amended complaint would be futile.

## I.     BACKGROUND

This case arises from the murder of Susan Angela Roumillat.[1]  On July 1, 2016, Roumillat was shot and killed by her husband.[2]  Roumillat was allegedly an employee of NGHS.[3]  NGHS issues life insurance policies to its employees through Reliance.[4]  Immediately after Roumillat's death, plaintiffs Sophia Guidry, James Guidry, Jr., and John Peifer—Roumillat's children—allegedly contacted NGHS to collect their benefits under Roumillat's life insurance policy.[5]

Plaintiffs allege that after this initial conversation, Deborah Godwin, an employee of NGHS, contacted Sophia Guidry directly to inform her that she was the only beneficiary listed on her mother's insurance policy, and that she should not share the insurance proceeds with her siblings.[6]  Plaintiffs allege that Sophia Guidry, who was eighteen years old at the time of her mother's death, was "not mentally competent" at the time of this conversation.[7]  Godwin then allegedly contacted Reliance to inform it that

---

[1]     R. Doc. 1-1 at 2 ¶ 5.
[2]     *Id.*
[3]     *Id.* at 1-2 ¶ 3.
[4]     *Id.*
[5]     *Id.* at 2 ¶ 6.
[6]     *Id.* at 3 ¶ 10.
[7]     *Id.* at 2 ¶ 5, 3 ¶ 10.

Roumillat had died.[8]  Plaintiffs allege that "[o]nce Sophia Guidry became well enough to handle her affairs," she located the materials she needed for her benefits application.[9]  On May 1, 2018, Sophia Guidry allegedly mailed her application to Reliance.[10]  Plaintiffs allege that on May 8, 2018, Reliance sent Sophia Guidry a letter denying her life insurance claim as untimely.[11]  On May 29, 2018, Sophia Guidry allegedly appealed her denial, and James Guidry, Jr. and John Peifer made their initial benefits claims.[12]  Reliance denied Sophia Guidry's appeal.[13]

On June 28, 2018, plaintiffs filed suit against defendants in the 24th Judicial District Court in the Parish of Jefferson.[14]  This initial petition asserts claims for negligence, breach of contract, and unjust enrichment against Reliance.[15]  Plaintiffs assert claims for negligence and unjust enrichment against NGHS.[16]  Plaintiffs also assert a claim under La. R.S. 22:1973, which provides that insurers owe insureds a duty of good faith and

---

[8]     *Id.* at 3 ¶ 11.
[9]     *Id.* ¶ 12.
[10]    *Id.* ¶ 13.
[11]    *Id.* at 4 ¶ 14.
[12]    *Id.* ¶ 15.
[13]    R. Doc. 13 at 1-2 ¶ 3; R. Doc. 13-1.
[14]    R. Doc. 1-1.
[15]    *Id.* at 5 ¶ 19.
[16]    *Id.* ¶ 21.

fair dealing.[17]  Reliance removed this matter to federal court on the ground that plaintiffs' claims are preempted by the Employee Retirement Insurance Security Act of 1974 (ERISA).[18]

On July 26, 2018, Reliance moved to dismiss plaintiffs' complaint.[19]  In response, plaintiffs filed both an opposition to that motion and their first amended complaint, which purported to reassert plaintiffs' state law claims and add federal ERISA claims under ERISA §§ 502, 503.[20]  Reliance now moves to dismiss plaintiffs' first amended complaint.[21]  On September 29, 2018, NGHS also moved to dismiss plaintiffs' first amended complaint.[22]  Plaintiffs seek leave to file a second amended complaint.[23]  The second amended complaint would add a cause of action specifying that both defendants are liable under the theory of respondeat superior.[24]

---

[17]     *Id.* at 4-5 ¶ 18.
[18]     R. Doc. 1.
[19]     R. Doc. 7.
[20]     R. Doc. 13.
[21]     R. Doc. 15.
[22]     R. Doc. 24.
[23]     R. Doc. 25.
[24]     R. Doc. 25-2 at 2-3 ¶ 7.

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true.  *Iqbal*, 556 U.S. at 678.  It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action.  *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the plaintiff's claim.  *Lormand*, 565 F.3d at 257.  The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is

apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III.  DISCUSSION

### A.  State Law Claims

Both defendants argue that plaintiffs' state-law claims are preempted by ERISA.[25]  ERISA "supercede[s] any and all State laws insofar as they may now or hereafter relate to an employee benefit plan."  29 U.S.C. § 1144(a). The Supreme Court interprets the federal preemption provision of ERISA broadly.  *See Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985).  "[P]reempted state law includes any state law cause of action as it relates to an employee benefit plan, even if it arises under a general law which in and of itself has no connection to employee benefit plans."  *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1218-19 (5th Cir. 1992).  But ERISA also has a narrow savings clause, which provides that ERISA does not preempt a state law that "regulates insurance."  29 U.S.C. § 1144(b)(2)(A).  A state law is saved from ERISA preemption under this clause if the law is "'specifically directed toward' the insurance industry."  *Ky. Ass'n of Health Plans, Inc. v.*

---

[25]    R. Doc. 15-1 at 3; R. Doc. 24-1 at 5.

*Miller*, 538 U.S. 329, 334 (2003) (quoting *Pilot Life Ins. v. Dedeaux*, 481 U.S. 41, 50 (1987)).

Thus, to determine whether plaintiffs' state law claims are preempted, the Court must first determine whether the Reliance insurance policy is an "employee benefit plan" under ERISA. If the policy is an "employee benefit plan," the Court must determine whether any of plaintiffs' state law claims are saved from ERISA preemption.

ERISA defines an "employee benefit plan" to include an "employee welfare benefit plan." 29 U.S.C. § 1002(3). An "employee welfare benefit plan" is:

> any plan, fund, or program which was . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment. . . .

*Id.* § 1002(3). The Fifth Circuit uses a three-part test to determine whether an insurance policy is an employee welfare benefit plan under ERISA. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 279 (5th Cir. 2008). To qualify, "the arrangement must be (1) a plan, (2) not excluded from ERISA coverage by the safe-harbor provisions established by the Department of

Labor, and (3) established or maintained by the employer with the intent to benefit employees." *Id.*

First, the Reliance insurance policy[26] is a "plan." To make this determination, courts inquire whether, when looking at the policy, "a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993). All of this information is apparent from the face of the insurance policy.[27] Second, the policy is not excluded from ERISA coverage by the Department of Labor's safe-harbor provisions. The Department's regulations provide that for the safe-harbor to apply, a group insurance program provided to employees must *not* receive any contributions from an employer or employee organization. *See* 29 C.F.R. § 2510.3-1(j)(1). But the Reliance policy indicates that Roumillat's

---

[26] R. Doc. 15-2. Reliance has attached the insurance policy to its motion to dismiss. A court may consider documents a defendant attaches to a motion to dismiss if the documents are "referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Plaintiffs refer to the insurance policy in their complaints. Their action is to recover benefits allegedly owed under the terms of the policy, so it is central to their claims.

[27] *See* R. Doc. 15-2 at 1 (stating that NGHS is the "policyholder"); *id.* at 7 (stating that employees are an "eligible class"); *id.* at 18 (listing eligible beneficiaries) *id.* at 22 (stating that benefits will be paid in the event of "accidental death and dismemberment"); *id.* at 23 (listing procedures for filing claims).

employer—NGHS—*did* contribute to the group policy.[28]  Finally, it is clear that NGHS acquired the policy with the intent to benefit its employees. NGHS is listed as the "policyholder" on the first page of the policy, and there is no dispute that the policy was designed to pay benefits to an employee's beneficiaries in the event of the employee's accidental death or dismemberment.[29]  The Reliance insurance policy therefore meets the definition of an "employee welfare benefit plan," and is thus an ERISA "employee benefit plan."

The Court must now determine whether plaintiffs' state law claims are covered by the ERISA savings clause.  They are not.  Plaintiffs' state law claims for negligence, breach of contract, and unjust enrichment do not fall under the savings clause because they arise under generally applicable laws that are not specifically meant to "regulate insurance."  *See* 29 U.S.C. § 1144(b)(2)(A); *Pilot Life Ins. Co.*, 481 U.S. at 50 (noting that in order to "regulate insurance" under this section, "a law must not just have an impact on the insurance industry, but must be specifically directed toward that industry").

---

[28]     *See id.* at 1 (stating that NGHS is the "policyholder"); *id.* at 9 (stating that covered "persons," such as Roumillat, do not contribute at all to the basic insurance plan).

[29]     *See id.* at 1, 22; R. Doc. 1-1 at 1-2 ¶ 3.

Plaintiffs' claim under La. R.S. 22:1973 is likewise preempted.[30] That statute punishes an insurer for breaching its duty of good faith and fair dealing, and thus, on its face, appears to regulate insurance. *See* La. R.S. 22:1973(A). But ERISA also preempts state laws that allow for remedies outside of ERISA's "comprehensive civil enforcement scheme." *Pilot Life Ins. Co.*, 481 U.S. at 54 (noting that the civil enforcement policy choices embodied in ERISA "would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA"); *see also La. Health Serv. Indem. Co. v. Rapides Healthcare Sys.*, 461 F.3d 529, 534 (5th Cir. 2006) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." (internal quotation omitted)).

The state statute in question allows an injured party to recover from an insurer the greater of two times the injured party's damages or $5,000. La. R.S. 22:1973(C). The civil enforcement provision in ERISA, by contrast, does not permit an injured party to collect multiple or punitive damages. *See* 29 U.S.C. § 1132(a) (allowing parties to sue to recover benefits under a plan, to

---

[30]     *See* R. Doc. 1-1 at 4-5 ¶ 18.

enforce their rights under a plan, to clarify rights to future benefits, to receive a declaratory judgment on entitlement to benefits, or to institute an injunction against an administrator's improper refusal to pay benefits); *id.* § 1132(g) (allowing an award of attorney fees to either party in an action brought under this section); *see also Pilot Life Ins. Co.*, 481 U.S. at 53 (discussing the civil enforcement remedies available under ERISA). Because La. R.S. 22:1973 provides for civil penalties beyond those that Congress allowed under ERISA, plaintiffs' claims under La. R.S. 22:1973 are preempted. *See Sutherland v. U.S. Life Ins.*, 263 F. Supp. 2d 1065, 1072-74 (E.D. La. 2003) (determining that ERISA preempts La. R.S. 22:1973[31] because the state statute allows for penalties beyond those contemplated by ERISA).

Because all of plaintiffs' state law claims relate to an ERISA employee benefit plan, and because those claims are not covered by the ERISA savings clause, all of plaintiffs' state law claims are preempted.

---

[31]     *Sutherland* refers to the statute as La. R.S. 22:1220, which was a prior citation for La. R.S. 22:1973.

## B.    ERISA Claims[32]

### 1.    ERISA § 502(a)(1)(B)

Plaintiffs' first ERISA cause of action is under § 502(a)(1)(B). This provision provides that a "participant or beneficiary" may bring suit in federal district court "to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

NGHS argues that plaintiffs' claims against it under § 502(a)(1)(B) should be dismissed because NGHS is not a proper defendant for suits brought under this provision. The proper defendant in an action under § 502(a)(1)(B) "is the party that controls administration of the plan." *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 845 (5th Cir. 2013) (internal quotation marks omitted). Under this rule, "if an entity or person other than the named plan administrator takes on responsibilities of the administrator, that entity may also be liable for benefits." *Id.* (internal quotation marks omitted); *see also Musmeci v. Schwegmann Giant Super*

---

[32]    NGHS argues that plaintiffs have failed to assert ERISA claims against it. R. Doc. 24-1 at 6. But plaintiffs allege in their first amendment complaint that "Reliance and [NGHS] have worked either in concert or independently to deprive plaintiffs of the benefits to which they were entitled by contract and under federal law." R. Doc. 13 at 2 ¶ 6. This statement constitutes an allegation that NGHS is also liable under ERISA.

*Mkts., Inc.*, 332 F.3d 339, 350 (5th Cir. 2003) (action under § 502(a)(1)(B) could proceed against plaintiff's employer when the insurance plan had "no meaningful existence separate" from the employer, and because it was defendant's decision to deny plaintiff's benefits claim).

Here, NGHS did not control the administration of the plan. The policy provided that Reliance, as the policy's "claims review fiduciary," had the "discretionary authority to interpret the [policy] . . . and to determine eligibility for benefits."[33] Reliance's decisions were to be considered "complete, final and binding on all parties."[34] Plaintiffs allege in their complaints that Reliance, not NGHS, denied both Sophia Guidry's initial claim and her appeal of that decision.[35] Plaintiffs have not alleged that NGHS was ever involved in deciding whether to grant or deny claims, and no provision of the policy indicates that NGHS had the right to make those decisions. NGHS therefore falls far short of being a party with actual control over the administration of the policy. *See Armando v. AT&T Mobility*, 487 F. App'x 877, 879 (5th Cir. 2012) (evidence that plaintiff's employer "at times" made informal requests to insurer to "reconsider its benefits determinations" did not amount to sufficient control over those

---

[33] R. Doc. 15-2 at 23.
[34] *Id.*
[35] R. Doc. 1-1 at 4 ¶ 14; R. Doc. 13 at 1-2 ¶ 3.

determinations to permit denial-of-benefits claim against employer).  Thus, plaintiffs' claim against NGHS under § 502(a)(1)(B) must be dismissed.

Next, Peifer and James Guidry, Jr. cannot assert claims under § 502(a)(1)(B), because plaintiffs have failed to allege that either of them was a policy beneficiary or plan participant.  *See Electrostim Med. Servs, Inc. v. Health Care Serv. Corp.*, 614 F. App'x 731, 742 (5th Cir. 2015) (affirming district court's dismissal of a claim under § 502(a)(1)(B) when the plaintiff provided no factual support that it was a plan participant or beneficiary). The few allegations in plaintiffs' complaints referring to Peifer and James Guidry, Jr. in fact support a conclusion that they were *not* beneficiaries or participants.   Plaintiffs specifically allege that an employee of NGHS informed Sophia Guidry that she was the only beneficiary under the policy.[36] Plaintiffs do not include any allegations disputing the employee's statement.

But plaintiffs do sufficiently allege that Sophia Guidry is entitled to relief from Reliance under § 502(a)(1)(B).  Plaintiffs allege that she was a beneficiary under her mother's life insurance policy, and that Reliance failed to pay her the benefits due under the policy.[37]  These allegations are sufficient to state a claim under § 502(a)(1)(B).  *See Aetna Health Inc. v. Davila*, 542

---

[36]     R. Doc. 1-1 at 3 ¶ 10.
[37]     *Id.* at 3 ¶ 10, 5 ¶ 19.

U.S. 200, 210 (2004) (noting that § 502(a)(1)(B) "is relatively straightforward," and that "[i]f a plan participant or beneficiary believes that benefits promised under the terms of the plan are not provided, he can bring suit seeking provision of those benefits").

Reliance argues that plaintiffs' claim under this provision should nonetheless be dismissed entirely because Sophia Guidry's initial benefits application was untimely according to the terms of the policy. The insurance policy provides:

> For any covered Loss, written proof must be sent to us within ninety (90) days. If it is not reasonably possible to give proof within ninety (90) days, the claim is not affected if the proof is sent as soon as reasonably possible. In any event, proof must be given within 1 year, unless the claimant is legally incapable of doing so.[38]

Plaintiffs admit that Sophia Guidry did not submit her benefits application until May 1, 2018, more than one year after her mother's murder.[39] Both Reliance's initial denial of her claim and its letter upholding that denial concluded that Sophia Guidry did not timely provide her full benefits application.[40]

---

[38]   R. Doc. 15-2 at 23.
[39]   R. Doc. 1-1 at 3 ¶ 13.
[40]   *Id.* at 4 ¶ 14; R. Doc. 13-1 at 2.

But plaintiffs allege that at the time of her mother's death, Sophia Guidry was "not mentally competent."[41]  They further allege that she located and submitted her full application "once [she] became well enough to handle her affairs."[42]  These allegations, when taken as true, could establish that Sophia Guidry was "legally incapable" of submitting her proof of loss within the required time limit, and that Reliance's denial was therefore incorrect based on a plain reading of the policy.  *See Iqbal*, 556 U.S. at 679 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").  Plaintiffs therefore sufficiently state a claim for Sophia Guidry under § 502(a)(1)(B).

### 2. *ERISA § 502(a)(3)*

Plaintiffs have also brought a claim under ERISA § 502(a)(3), alleging that defendants breached their fiduciary duties.[43]  Section 502(a)(3) authorizes a civil action:

> "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates . . . the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of . . . the terms of the plan."

---

[41]  R. Doc. 1-1 at 3 ¶ 10.
[42]  *Id.* ¶ 12.
[43]  R. Doc. 13 at 2 ¶ 4.

29 U.S.C. § 1132(a)(3). Plaintiffs' claim under this provision fails with respect to Peifer and James Guidry, Jr. because, as addressed earlier, plaintiffs have failed to allege that either were participants, beneficiaries, or fiduciaries under the plan.

Plaintiffs' claim under this provision also fails with respect to Sophia Guidry because plaintiffs are not seeking equitable relief, which is the only relief available under this provision. The Supreme Court has explained that "the term 'equitable relief' in § 502(a)(3) is limited to those categories of relief that were *typically* available in equity." *Montanile v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan*, 136 S. Ct. 651, 657 (2016) (internal quotation marks omitted) (emphasis in original). This type of relief includes injunctions, mandamus, and restitution. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993). "A claim for money due and owing under a contract is quintessentially an action at law." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (internal quotation marks omitted).

Plaintiffs' complaint seeks only monetary relief.[44] They initiated this lawsuit to recover benefits under the insurance policy that they allege were improperly withheld. Plaintiffs also seek "compensatory damages,"

---

44      *See* R. Doc. 1-1 at 5-6; R. Doc. 13 at 3.

"punitive and exemplary damages," and attorneys' fees.[45]  Nowhere in any of

their three complaints do plaintiffs state that they are seeking an injunction,

mandamus, restitution, or any other equitable relief.   Because plaintiffs

plainly seek a legal remedy, their claim under § 502(a)(3) must be dismissed.

Plaintiffs' claim under this provision also fails for the separate reason

that Sophia Guidry already has an available remedy for her denial of benefits

under § 502(a)(1)(B).  The Fifth Circuit has held that when a plaintiff has

adequate relief available for an improper denial of benefits by suing an

insurer directly under § 502(a)(1), relief through § 502(a)(3) is

inappropriate.  *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir.

1998).

### 3.    *ERISA § 503*

Plaintiffs' last ERISA cause of action is under Section 503, which

contains procedural requirements for claims administrators when they deny

benefits claims.  *See* 29 U.S.C. § 1133.  Under Section 503, "every employee

benefit plan" must provide the claimant with "adequate notice in writing . . .

setting forth the specific reasons for such denial, written in a manner

calculated to be understood by the participant."  *Id.* § 1133(1).  The claimant

must also be afforded "a reasonable opportunity . . . for a full and fair review

---

[45]     R. Doc. 13 at 3.

by the appropriate named fiduciary of the decision denying the claim." *Id.* § 1133(2). Challenges to ERISA procedures are evaluated under the substantial compliance standard. *Robinson v. Aetna Life Ins. Co.*, 443 F.3d 389, 392 (5th Cir. 2006). Substantial compliance means that technical noncompliance with ERISA procedures will be excused "so long as the purposes of Section 1133 have been fulfilled." *Id.* at 393 (citations omitted).

NGHS is not a proper defendant under Section 503. Section 503 requires "every employee benefit plan" to comply with certain procedures when denying benefits claims. 29 U.S.C. § 1133. The Fifth Circuit has accordingly discussed ERISA § 503 as applying to "claims administrators"— *i.e.*, parties who decide whether to grant or deny benefits claims. *See, e.g.*, *Cooper v. Hewlett-Packard Co.*, 592 F.3d 645, 652 (5th Cir. 2009) (noting that to comply with Section 503's terms, "a claim administrator must provide the specific grounds for its benefit claim denial"). As addressed earlier, plaintiffs do not allege that NGHS had any role in administering Roumillat's employee benefit plan. NGHS is listed on the insurance policy as the "policyholder,"[46] and the policy indicates that Reliance had complete responsibility for interpreting the plan and determining a beneficiary's

---

[46] R. Doc. 15-2 at 1.

eligibility for benefits.[47]  Plaintiffs therefore cannot state a claim under this section against NGHS.

Plaintiffs' claim against Reliance under Section 503 must also be dismissed under Federal Rule of Civil Procedure 12(b)(6).  First, plaintiffs do not include any allegations related to Reliance's denial of claims filed by Peifer or James Guidry, Jr.  Second, the allegations in plaintiffs' complaints in fact support the conclusion that Reliance complied with Section 503's requirements with respect to Sophia Guidry's claim.  Plaintiffs allege that Reliance sent Sophia Guidry a letter stating that her claim was denied as untimely.[48]  Thus by plaintiffs' own admission, Reliance "set[] forth the specific reasons" for the denial in accordance with § 503(1).  Plaintiffs further allege that they appealed this initial decision,[49] but that Reliance upheld its denial on the same grounds.[50]  Plaintiffs' allegations thus support a conclusion that Reliance provided Sophia Guidry "a reasonable opportunity . . . for a full and fair review" of the initial denial, in accordance with § 503(2).  Plaintiffs have therefore failed to state a claim under § 503 against Reliance.

---

[47]   *Id.* at 23.
[48]   R. Doc. 1-1 at 4 ¶ 14.
[49]   *Id.* ¶ 15.
[50]   R. Doc. 13 at 1-2 ¶ 3; R. Doc. 13-1.

### C.  Motion for Leave to File Second Amended Complaint

Lastly, plaintiffs move to file a second amended complaint.[51]  The only new allegation in the proposed second amended complaint is a paragraph stating that both defendants are liable for the negligent acts of their employees under the theory of respondeat superior.[52]

Because plaintiffs moved to file this second amended complaint before the deadline for submitting amended pleadings in the Court's scheduling order,[53] the motion is governed by Federal Rule of Civil Procedure 15(a).  *See S & W Enter., LLC. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).  Under Rule 15(a), the Court will "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).  The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Leave to amend, however, "is by no means automatic."  *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994).  A party requesting amendment must "set forth with particularity the grounds for the amendment and the relief sought."  *United States, ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 331 (5th

---

[51]  R. Doc. 25.
[52]  R. Doc. 25-2 at 2-3 ¶ 7.
[53]  R. Doc. 23 at 1; R. Doc. 25.

Cir. 2003) (internal quotation omitted). The Court considers multiple factors before granting leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182.

The Court has dismissed all of plaintiffs' claims except for Sophia Guidry's claim against Reliance under ERISA § 502(a)(1)(B). The new allegation in the second amended complaint does not change the Court's analysis for any of the dismissed claims. Granting plaintiffs' motion to file their seconded amended complaint would therefore be futile for those claims. *See id.* In addition, it is unclear how plaintiffs' assertion that Reliance is responsible for the negligent acts of its employees meaningfully aids Sophia Guidry's remaining claim against Reliance. Section 502(a)(1)(B) allows a plaintiff to sue in federal court to "to recover benefits due to him under the terms of [an insurance policy], to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." The plaintiff need not prove that the denial of his claim was due to negligence. The Court thus finds that plaintiffs' second amended

complaint is also futile with respect to the one remaining cause of action. Plaintiffs' motion is therefore denied.

## IV. CONCLUSION

For the foregoing reasons, NGHS's motion to dismiss is GRANTED. Reliance's motion to dismiss is GRANTED IN PART and DENIED IN PART. Plaintiffs' motion for leave to file a second amended complaint is DENIED. The only remaining claim in this action is Sophia Guidry's claim against Reliance under ERISA § 502(a)(1)(B).

New Orleans, Louisiana, this __6th__ day of December, 2018.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE